UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KHAMSAY XAYAMONTY, | Case No. 23-cv-0424 (NEB/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN THOMAS, | |
| Respondent. | |

This matter is before the Court on Khamsay Xayamonty's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). The Court recommends that the Petition be dismissed as moot.

When Mr. Xayamonty filed the Petition on February 21, 2023, he was confined at the Federal Correctional Institution in Sandstone, Minnesota. (Pet. at 1.) The sole ground raised in the Petition was a challenge to the calculation of First Step Act ("FSA") time credits. Specifically, Mr. Xayamonty argued that his statutory release date should have been February 12, 2023—nine days before he filed his Petition. (Pet. at 6.) Mr. Xayamonty requested application of the FSA time credits and immediate release. (Pet. at 7.)

According to Respondent's response to the Petition, Mr. Xayamonty was released from the custody of the Bureau of Prisons on February 21, 2023—the same day the Petition was filed—via the application of FSA time credits. (Resp. at 1, Dkt. 9; Boldt Decl. ¶ 4, Dkt. No. 11; Boldt Decl. Ex. A, Dkt. No. 11-1.) Mr. Xayamonty was released to the custody of Immigration and Customs Enforcement pursuant to an existing immigration detainer.

(Resp. at 1; Boldt Decl. ¶ 4; Boldt Decl. Ex. A.) The most recent filing from Mr. Xayamonty indicates that he is currently housed at the Freeborn County Jail in Albert Lea, Minnesota. (*See* Appl. at 5, Dkt. No. 6; Envelope, Dkt. No. 6-1.) Mr. Xayamonty did not file a reply to Respondent's response.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (cleaned up).

The Court finds that Mr. Xayamonty's Petition is moot because he has been released from BOP custody. *See Alvarado-Ortiz v. FPC Yankton*, No. 22-cv-206 (NEB/ECW), 2022 WL 4358112, at *2 (D. Minn. July 27, 2022), *R. &. R. adopted*, 2022 WL 4357544 (D. Minn. Sept. 20, 2022). The Petition is also moot because the FSA time credits at issue have been applied and Mr. Xayamonty received the relief he requested in the Petition. *See Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (finding habeas claim moot because the petitioner received the relief requested); *Alkamel v. Eischen*, No. 22-cv-1630 (ECT/ECW), 2023 WL 2414514, at *9 (D. Minn. Feb. 9, 2023) (same), *R. & R. adopted as modified*, 2023 WL 2414549 (D. Minn. Mar. 8, 2023).

A court should not dismiss a § 2241 petition as moot, however, if any of the following circumstances are present:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but

2

is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of these circumstances are present here. First, Mr. Xayamonty has not identified any remaining secondary or collateral injuries. Second, the FSA time credit issue is not capable of repetition yet evading review, because there is nothing further to litigate and there is no reasonable expectation that Mr. Xayamonty will be returned to BOP custody. Third, nothing in the record indicates that Respondent voluntarily ceased an allegedly illegal practice for the purpose of evading judicial review, nor is Respondent free to resume the practice because Mr. Xayamonty has been released. Finally, this proceeding is not a certified class action.

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Khamsay Xayamonty's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) be **DISMISSED AS MOOT**.

Date: May 12, 2023            *s/ John F. Docherty*
                                                               JOHN F. DOCHERTY
                                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).